# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER,<br>aka GARY FRANCIS FISHER,<br><br>            Plaintiff,<br><br>     vs.<br><br>FBI, et al.,<br><br>            Defendants. | 1:13cv00535 DLB PC<br><br>ORDER DISMISSING COMPLAINT<br>WITHOUT LEAVE TO AMEND FOR<br>FAILURE TO STATE A CLAIM FOR<br>WHICH RELIEF CAN BE GRANTED |

Plaintiff Gary Dale Barger ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed his complaint on April 15, 2013. Plaintiff names the Federal Bureau of Investigation ("FBI"), FBI Director Robert Mueller III, Records Chief David M. Hardy and the Corcoran State Prison Administration as Defendants.[1]

**A.   LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on July 10, 2013.

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Pelican Bay State Prison. The events at issue occurred while Plaintiff was incarcerated at Corcoran State Prison.

Plaintiff alleges that on or about September 1, 2011, he filed a Freedom of Information Act ("FOIA") request with Defendant David M. Hardy of the FBI. On or about October 14, 2011, Plaintiff states he filed an appeal.

On December 2, 2011, the United States Department of Justice contacted Plaintiff about a form that he needed to fill out. Plaintiff alleges that filled out the form and was issued a new appeal number.

In April 2012, Plaintiff received a response from the FBI stating that they lost his records. The FBI was very vague in its response. It appears that Plaintiff's records requests are related to various Hells Angels chapters.

Plaintiff alleges that since that time, he has received the "run around." Compl. 4. He also states that Corcoran State Prison has categorized requested records as containing material expected to cause physical injury or adversely affect the safety and security of the institution. Plaintiff believes that Corcoran State Prison is conspiring with the FBI to eliminate his access to records under FOIA.[2]

He requests monetary damages.

C.     **ANALYSIS**

To warrant relief under 42 USC § 1983, Plaintiff, a state prisoner, must show that Defendants' acts or omissions, under color of state authority, caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1993); Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's

---

[2] Plaintiff also references interference with his legal mail, but states that this issue is addressed in another action.

3

affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer, at 633. There must be an actual causal connection or link between the actions of each Defendant and the deprivation alleged to have been suffered by Plaintiff.  See Monell v. Dept. of Soc. Servs., 436 U.S. 658, 691-692 (1978) (citing Rizzo v. Goode, 432 U.S. 362, 370-371(1976)).

Here, Plaintiff is attempting to sue both state and federal actors for alleged violations of the FOIA.  Violation of the FOIA, whether by state or federal actors, does not implicate a constitutional right and therefore fails to state a claim under section 1983.

Moreover, the FOIA provides a comprehensive remedial scheme for alleged violations, and Plaintiff can pursue a remedy directly under FOIA.  Spaan v. Frydman, 238 F.3d 431 (9th Cir. 2000).  See Schweiker v. Chilicky, 487 U.S. 412 (1988); Bush v. Lucas, 462 U.S. 367 (1983).

### D.     CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim under section 1983 and the deficiency cannot be cured by amendment.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012) (internal quotation marks and citation omitted).  Accordingly, Plaintiff's complaint is DISMISSED WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

Dated:   **November 21, 2013**          /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE